IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUNTEZ PASLEY,  )
TAIWAN M. DAVIS,  )
SHAWN BUCKLEY, and  )
RICHARD TURNER,  )
 ) Case No. 17−cv−1085−JPG
      Plaintiffs,  )
 )
vs.  )
 )
CRAMMER,  )
COLE,  )
COOK,  )
PHILIPS,  )
ROSS,  )
HAWKINS, and  )
SNYDER  )
 )
      Defendants.

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiffs Suntez Pasley, Taiwan M. Davis, Shawn Buckley, and Richard Turner are all inmates in the Alton Law Enforcement Center. They bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiffs request damages and injunctive relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Complaint**

Plaintiffs are housed in 8x10 cells 23 hours a day with a camera over the toilet. (Doc. 1, p. 4). The Alton City Jail was not designed for prolonged stays. (Doc. 1, p. 5). Plaintiffs note that these conditions could have an enormous psychological impact upon them. *Id.* The showers at the jail are unclean because the janitor fails to clean them. *Id.* Plaintiffs are kept in isolation from one another for non-disciplinary reasons. (Doc. 1, p. 6). They are further subjected to total darkness from 12:00 am until 11:00 am. *Id.*

Plaintiffs allege that they are not being given adequate recreation. (Doc. 1, p. 5). Specifically, they allege that they are only allowed 1 hour of recreation a day, and that the hour is sometimes docked for trivial reasons. *Id.* In one instance, an unnamed Plaintiff lost recreation

2

time after asking an officer to pass a book for him. *Id*. Jail officials also include shower time with recreation time, which cuts into Plaintiffs' recreation time. *Id*.

Plaintiffs are receiving inadequate nutrition. (Doc. 1, p. 4). Specifically, they are being fed a Hostess cake for breakfast, a bologna sandwich for lunch, and a kids' TV dinner at night. (Doc. 1, p. 4). The officers serving food to detainees do not have a food and sanitation license. (Doc. 1, p. 6).

Plaintiffs allege that they do not have adequate law library access and that all of the named defendants are aware of the situation but refuse to correct it. (Doc. 1, p. 4).

Plaintiffs' grievances and complaints are being decided at times by the officer who is the subject of the complaint. (Doc. 1, p. 6).

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. All of the Plaintiffs' claims will be dismissed at this time.

> **Count 1** – Defendants subjected Plaintiffs to unconstitutional conditions of confinement in violation of the Eighth and/or Fourteenth Amendment when they housed them in 8x10 cells, subjected them to 11 hours of darkness a day, confined them in isolation for 23 hours a day, limiting exercise, and made them use unclean showers;
>
> **Count 2** – Defendants violated Plaintiffs' Eight and/or Fourteenth Amendment rights when they provided them with inadequate nutrition;
>
> **Count 3 –** Defendants denied Plaintiffs access to the courts in violation of the First Amendment;
>
> **Count 4** – Defendants violated Plaintiffs' constitutional rights when officers who were the object of grievances reviewed and responded to said grievances.

The entire Complaint fails for 2 reasons. First, despite their allegations, not a single Plaintiff has alleged that he was harmed by any of the Defendants' conduct. Section 1983 is a tort statute, so a plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). Although at one point, Plaintiffs' state that their conditions of confinement "could potentially have an enormous psychological impact,"[1] there is no allegation that anyone actually suffered psychological harm. Likewise, there is no allegation of any physical harm from the Defendants' behavior. Without any allegation that they have been harmed, Plaintiffs' case fails.

Furthermore, Plaintiffs have not associated any Defendant with any specific claim. In fact, the statement of claim does not refer to any specific Defendant; Plaintiffs rather repeat the conclusory claim that "the Defendants et. al., are aware and intentionally denying the plaintiffs of all issues stated within the body of this civil complaint." (e.g., Doc. 1, p. 2). This is an insufficient allegation of personal involvement. First, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Yet that is the only place in the Complaint where a Defendant's name appears; the statement of claim makes no reference to any specific Defendant. No Defendant is on notice of the specific claims against him or her.

Liability under § 1983 requires personal involvement. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). There must be a causal connection between the named defendant and the alleged constitutional

---

[1] Plaintiffs are also instructed that while it is not grounds for dismissal, the operation of 42 U.S.C. § 1997e prohibits them from recovering any compensatory damages for a psychological injury without a corresponding physical injury, although nominal and punitive damages remain available.

4

violation.  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).  Plaintiffs' statement that defendants were "aware" does not establish personal involvement.  Plaintiffs have not provided any factual allegations regarding this alleged awareness, and so the allegation is not a plausible statement that any particular defendant was personally involved in the deprivation.

Additionally, certain allegations do not establish personal involvement.  For example, in the case of those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  A defendant cannot be liable merely because he supervised a person who caused a constitutional violation.  *Id.*  Plaintiffs' statement that defendants are "aware" is broad enough to encompass this theory.  Should Plaintiffs file an amended complaint, they should include specific allegations as to how defendants gained knowledge of particular alleged violations (i.e., through the grievance procedure, from face to face contact, etc.) and what authority any defendant had to correct the situation, so the Court may properly evaluate the claims of personal involvement as to each specific defendant.

Aside from the lack of allegations of harm or personal involvement, some of Plaintiffs' claims fail for other reasons.  For example, in **Count 3**, Plaintiffs have alleged that they were denied access to the courts.  To state a claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).  This requires Plaintiffs to identify the underlying claims that were lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).  Here Plaintiffs have not alleged that any legitimate legal claim was frustrated by

5

Defendants' conduct. In the absence of such an allegation, they have failed to state a claim for denial of access to the courts.

As to **Count 4**, that claim will be dismissed with prejudice as legally frivolous because Plaintiffs have no constitutional rights in the workings of the jail grievance system. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Plaintiffs appear to be arguing that they are entitled to *Wolff* protections in the grievance process. *Wolff v. McDonnell*, 418 U.S. 539 (1974). But *Wolff* only applies where a liberty interest, like good time credit, is at stake, and Plaintiffs have not alleged that they lost any liberty interest as a result of the alleged improprieties here. *Castaneda v. Henman*, 914 F.2d 981, 983 (7th Cir. 1990). As Plaintiffs have no interest in the rights asserted here, this claim will be dismissed with prejudice.

The Court will grant Plaintiffs leave to amend on **Counts 1-3**. Plaintiffs are reminded that because they proceed together, <u>all Plaintiffs must sign the Amended Complaint</u>. Failure to do so may result in dismissal of any person who fails to sign the Amended Complaint.

### Disposition

**IT IS HEREBY ORDERED** that **Counts 1-3** are **DISMISSED without prejudice** for failure to state a claim. **Count 4** is **DISMISSED with prejudice** as legally frivolous.

**IT IS FURTHER ORDERED** that, should they wish to proceed with this case, Plaintiffs shall file their First Amended Complaint, stating any facts which may exist to establish that they have been harmed by the Defendants named in this Complaint, and in support of their access to courts claim (on or before February 8, 2018). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its

own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiffs must also re-file any exhibits they wish the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiffs are warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury.  *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiffs in preparing his amended complaint, the Clerk is **DIRECTED** to mail them a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: January 10, 2018**

s/J. Phil Gilbert
**U.S. District Judge**
