# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUNTEZ PASLEY,<br>TAIWAN M. DAVIS,<br>SHAWN BUCKLEY, and<br>RICHARD TURNER,<br><br>      Plaintiffs,<br><br>vs.<br><br>CRAMMER,<br>COLE,<br>COOK,<br>PHILIPS,<br>ROSS,<br>HAWKINS, and<br>SNYDER<br><br>      Defendants. | Case No. 17−cv−1085−JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiffs originally filed suit on October 10, 2017, as part of a group of 7. (Doc. 1). On October 16, 2017, the Court entered a *Boriboune* Order, warning Plaintiffs of the perils of participating in group litigation and directing them to submit an affirmative statement to the Court that they wished to proceed as a group. (Doc. 3). Plaintiffs all failed to respond to the Order, although they did submit motions for IFP and other motions, indicating to the Court that they were still interested in pursuing this case. The Court then entered another Order directing Plaintiffs to indicate affirmatively that they wished to proceed together. (Doc. 19). Plaintiffs Marshall, Lacy, and Rush never responded, and were accordingly dismissed from this action. (Doc. 26).

1

The Court then conducted a screening on the Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 29). The Court found that Counts 1-3 failed to state a claim, and that Court 4 was legally frivolous. (Doc. 29). Plaintiffs were directed to file an Amended Complaint no later than February 8, 2018. (Doc. 29). On February 5, 2018, Buckley submitted a 19-page Complaint signed by him alone. (Doc. 36). On February 8, 2018, Davis, Turner, and Pasley all filed separate and individual Complaints. (Doc. 38) (Doc. 40) (Doc. 41). None of the Plaintiffs signed any other Plaintiff's Complaint. Upon review of the Complaints submitted by the Plaintiffs, the Court finds severance appropriate.

## Complaints submitted by Plaintiffs

Shawn Buckley's Complaint brings claims against Cook, Crammer, Ross, Phillips, Synder, and Hawkins. (Doc. 36, pp. 1-2). Buckley alleges that the security cameras at the Alton County Jail violate his constitutional rights. (Doc. 36, p. 5). He also alleges that Dr. Aragona prescribed him a special diet to compensate for the Jail's nutritionally inadequate diet, but that Cook did not honor the special diet. *Id.* Buckley also alleges that he received improper treatment after oral surgery, causing him dry socket and an infection, and that the defendants delayed securing him medical care. *Id.* Buckley also alleges that his psychological needs were not met. *Id.* Finally, Buckley alleges that he was deprived of cleaning supplies and religious services. (Doc. 36, p. 6).

Taiwan Davis' Complaint alleges that he was deprived of access to the courts because he could not oppose a motion for a stay filed on his behalf by a court-appointed attorney in his criminal case. (Doc. 38, p. 5). Davis submitted an exhibit in support of his complaint that shows he grieved the issue on October 12, 2017, 2 days after the original complaint in this case was filed. (Doc. 39).

Richard Turner's Complaint describes an incident that occurred January 28, 2018 where he was presented for a family visit while handcuffed. (Doc. 40, p. 4). Turner alleges that he has experienced unhygienic conditions, no law library access, nutritionally inadequate food, lack of exercise, and lack of heat. (Doc. 40, p. 7). Specifically, Turner complains that his rights were violated on May 21, 2017, November 2, 2017, November 18, 2017, January 9, 2018, January 10, 2018, January 12, 2018, and in general between December 1, 2017 and January 17, 2018. (Doc. 40, p. 8).

Suntez Pasley's Complaint alleges that between September 25, 2017 and the present he has been denied access to the courts, confined to his cell for approximately 23 hours every day, subjected to unhygienic conditions of confinement, subjected to inadequate nutrition, and subjected to a cold cell. (Doc. 41, p. 5).

## Discussion

In *George v. Smith*, the Seventh Circuit emphasized that unrelated claims belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). The Court has broad discretion to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined parties. *See Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Federal Rule of Civil Procedure 20 permits joinder of all claims that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; [when] any question of

3

law of fact common to all plaintiffs will arise in the action." Both requirements must be satisfied to justify joinder and concerns of judicial economy. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

The Federal Rules of Civil Procedure do not contemplate multiple controlling complaints in a lawsuit. Right now there are 4 individual complaints in this suit. Each Plaintiff has signed his own separate Complaint, and no Complaint is signed by more than one individual. Each request for relief differs from the other Complaints. This is unacceptable; there can only be 1 governing Complaint. The Court takes the fact that the Plaintiff submitted distinct Complaints as an indication that Plaintiffs no longer wish to proceed together in this lawsuit.

Even if the Plaintiffs had not filed separate Complaints, the Court would still be inclined to sever this action because it is clear that the events Plaintiffs complain of are not part of the same transaction or occurrence. Buckley puts the medical care he received after oral surgery at issue, as well as medical care he received in response to his psychological issues. No other Plaintiff raises issues regarding medical care or treatment, and none of their claims rely on facts related to Buckley's treatment. Buckley also alleges that he was prescribed a specific diet by medical staff that correctional staff failed to honor. Despite generalized allegations of an inadequate diet, no other Plaintiff alleges that he was put on a medical diet. Thus Buckley has raised issues that invoke different standards of law and involved incidents specific to him alone in his Complaint. Portions of his Complaint are not part of the same transaction or occurrence as the other Plaintiffs.

Likewise, Davis' claim is specifically about proceedings in his criminal case in October 2017. No other Plaintiff is a defendant in that same criminal case, which means that the facts at

issue are distinct from the factual issues raised by the other Plaintiffs. As this is the only issue in Davis' case, there are no grounds to join his claim with the other Plaintiffs.

Turner refers to a specific incident on January 28, 2018 in his Complaint. This is after the date that Pasley signed his Complaint, making it completely unrelated to anything in Pasley's Complaint. No other Plaintiff mentions January 28, 2018 as an incident date, meaning that there is a distinct factual predicate to Turner's January 28th claim. Turner also attached grievances in support of his contentions, but only 1 grievance is signed by anyone other than Turner[1] or refers to anyone other than Turner. The majority of the incidents that Turner's Complaint and the associated grievances refer to happened to Turner alone, making them transactionally distinct from the other Plaintiffs. Turner's claims do not share a factual predicate with any of his co-plaintiffs, making joinder inappropriate.

Unlike the other inmates, Pasley actually refers to the other Plaintiffs in his statement of claim. However, his allegations are general and vague and there is nothing in Pasley's Complaint to suggest that his claims are part of the same transaction or occurrence as the facts at issue in any other Plaintiff's Complaint. It is not sufficient for the Plaintiffs to invoke the same constitutional amendments and make general allegations that they suffered from the same conditions at some vague, unspecified time. In order to be properly joined, Plaintiffs must show that their claims rely on the same transaction or occurrence, and there are no facts in Pasley's Complaint which support that conclusion. The Court finds that Plaintiffs have failed to show that their claims rest on a common transaction or occurrence.

In the alternative, the Court finds it appropriate to exercise its discretionary authority under Fed. R. Civ. P. 21 to sever these claims. Plaintiffs have struggled to proceed as a unit,

---

[1] The subject of this grievance—that the Kool aid at the jail is not sweet enough—is not a constitutional claim.

despite the Court's warnings in its prior Orders, and the Court finds that it will not prejudice the Plaintiffs to proceed individually.

For all of the above reasons, the Court severs this action into 4 separate actions. Lead Plaintiff Pasley will stay in this case. The first severed case will contain the Complaint filed by Shawn Buckley. (Doc. 36). The second severed case will contain the Complaint filed by Taiwan Davis and the accompanying exhibit. (Doc. 38) (Doc. 39). The third severed case will contain the Complaint filed by Richard Turner. (Doc. 40). Once the case has been severed, a new judge assignment and case number will be assigned to each severed case.

## Disposition

**IT IS HEREBY ORDERED** that all Plaintiffs' claims shall be severed into individual cases with 1 Plaintiff each because the claims brought by the Plaintiffs do not arise out of the same transactions or occurrence and as an exercise of discretion of this Court. Plaintiff Pasley's Complaint and claims will stay in the present action. All other Plaintiffs shall be severed into new actions as follows. The claims in the severed cases shall be subject to merits review pursuant to 28 U.S.C. §1915A after the new case numbers and judge assignments are made.

In Plaintiff Buckley's new case in this Court, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order;
2) The Amended Complaint (Doc. 36); and
3) The Motion for Leave to Proceed *in forma pauperis* (Doc. 5); and
4) The Order granting the Motion for Leave to Proceed *in forma pauperis* (Doc. 30); and
5) Receipt of Buckley's $170.22 filing fee on February 22, 2018.

No service shall be ordered on the defendants in the severed case until the § 1915A review is completed.

In Plaintiff Davis' new case in this Court, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order;
2) The Amended Complaint (Doc. 38); and
3) Exhibit (Doc. 39); and
4) The Motion for Leave to Proceed *in forma pauperis* (Doc. 14); and
5) The Order granting the Motion for Leave to Proceed *in forma pauperis* (Doc. 33).

No service shall be ordered on the defendants in the severed case until the § 1915A review is completed.

In Plaintiff Turner's new case in this Court, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order;
2) The Amended Complaint (Doc. 40); and
3) The Motion for Leave to Proceed *in forma pauperis* (Doc. 6); and
4) The Order granting the Motion for Leave to Proceed *in forma pauperis* (Doc. 31).

No service shall be ordered on the defendants in the severed case until the § 1915A review is completed.

**DATED:  February 28, 2018**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**