# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SUNTEZ PASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−1085−JPG |
| | ) | |
| CRAMMER, | ) | |
| COLE, | ) | |
| COOK, | ) | |
| PHILIPS, | ) | |
| ROSS, | ) | |
| HAWKINS, and | ) | |
| SNYDER | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Suntez Pasley, an inmate in the Alton Law Enforcement Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests damages and injunctive relief. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal. Additionally, there are 2 motions currently pending in this action. For the reasons stated below, proposed third-party intervenor George Rhodes' Motion for Joinder is **DENIED**. (Doc. 44). Plaintiff's Motion to Amend is also **DENIED**. (Doc. 46).

## The Amended Complaint

Plaintiff originally filed suit with several co-plaintiffs on October 10, 2017. (Doc. 1). The Court entered a *Boriboune* Order warning plaintiffs of the risks of multi-party litigation, and as a result, several plaintiffs dropped out of the suit. (Doc. 3) (Doc. 26). The Court then screened the Complaint on January 10, 2018 and found that some claims failed to state a claim upon which relief could be granted, and a fourth claim was legally frivolous. (Doc. 29). The Court directed the plaintiffs to file an Amended Complaint no later than February 8, 2018 on Counts 1-3. (Doc. 29). Instead of filing a joint amended complaint, plaintiffs filed individual amended complaints. (Docs. 36, 38-41). On this basis, and because plaintiffs' claims did not

appear to arise out of the same transaction or occurrence pursuant to Fed. R. Civ. P. 20, the Court severed this action and placed each Plaintiff in his own suit. (Doc. 43). This matter is now before the Court to screen the Amended Complaint filed by Suntez Pasley on February 8, 2018. (Doc. 41).

Plaintiff alleges that he has been incarcerated at the Alton City Jail from September 25, 2017 until the present. (Doc. 41, p. 5). Plaintiff alleges that he is being denied access to the courts because there is no law library at the Jail, and that he is being denied access to the current sentencing guideline manual. *Id.*

Plaintiff also alleges that he is being subjected to unconstitutional conditions of confinement. *Id.* Specifically, he alleges that he was confined to his cell 23 hours a day, subjected to unclean showers, and that showers have to be taken during recreation time, cutting into Plaintiff's 1 hour of recreation. *Id.* There was also cold air blowing into Plaintiff's cell while it was cold outside. *Id.* Plaintiff also alleges that he was subjected to inadequate nutrition. *Id.*

Plaintiff alleges that he addressed his access to courts issues and conditions of confinement issues to all named defendants. *Id.* Plaintiff alleges that he has been prescribed stool softeners and sleeping medication. (Doc. 41, p. 6).

Lt. Cramer also allegedly made a false claim that Plaintiff was in an altercation with another inmate, creating a hostile environment. (Doc. 41, p. 7).

## Discussion

The Amended Complaint largely tracks the 3 claims the Court previously granted Plaintiff leave to amend, and Plaintiff has added a new claim:

> **Count 1** – Defendants subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth and/or Fourteenth Amendment when they

confined Plaintiff to his cell for 23 hours per day, allowed cold air to blow into the cell, failed to properly clean the showers, and made Plaintiff shower during his recreation time;

**Count 2** – Defendants violated Plaintiff's Eighth and/or Fourteenth Amendment right when they provided him with inadequate nutrition;

**Count 3** – Defendants denied Plaintiff access to the courts by failing to provide an adequate law library in violation of the First Amendment;

**Count 4** – Crammer falsely accused Plaintiff of fighting another inmate in violation of the Due Process Clause.

The Court previously found that the Complaint failed to state a claim because it did not adequately allege harm or that the named defendants were personally involved in the violations at issue. The Court finds that the Amended Complaint fails to adequately address the issues previously raised, and also fails to state claims on other grounds. As the Court previously granted Plaintiff leave to amend his Complaint, and he has still not articulated a viable constitutional claim, the Court finds that further amendment would be futile. Therefore this case will be dismissed with prejudice.

As an initial matter, while Plaintiff originally named Synder as a defendant, the Amended Complaint has a line through his name, and he is not included in the written list of defendants. The Court considers Synder dropped from this matter, and directs the Clerk to terminate him as a defendant.

Plaintiff has affirmatively stated that he is a pre-trial detainee. The Due Process clause of the Fourteenth Amendment prohibits punishment of persons who have not yet been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 536, n. 16 (1979); *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988). As Plaintiff was a pre-trial detainee, the analysis proceeds under the Fourteenth Amendment, although the Seventh Circuit has noted that conditions of confinement claims under the Fourteenth Amendment have "little

practical difference" from claims brought pursuant to the Eighth Amendment. *Smith*, 803 F.3d at 310. Claims brought pursuant to the Fourteenth Amendment may be analyzed under Eighth Amendment standards. *Id*. (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally indistinguishable from the Eighth Amendment's protection for convicted prisoners."); *Hart v. Sheahan*, 396 F.3d 887, 892 (7th Cir. 2005) ("[T]he standards applicable to complaints by convicts and by pretrial detainees about unsafe conditions of confinement merge.")) (other citations omitted).

Plaintiff has not stated a viable claim in the Amended Complaint. In **Count 1**, Plaintiff alleges that he is being subjected to unconstitutional conditions of confinement, but the Amended Complaint does not allege that Plaintiff personally has suffered any harm as a result of these conditions. The Amended Complaint addresses what Plaintiff sees as the harms stemming from the lack of access to the courts, and Count 2, Plaintiff's adequate nutrition claim, but it is silent on the harms that Plaintiff may have suffered as a result of Count 1. As the Court noted in its prior Order, § 1983 is a tort statute, and a plaintiff must allege a harm in order to state a claim. *Gray v. Hardy*, 826 F.3d 1000, 1006 (7th Cir. 2016) ("[Plaintiff] must also show that he suffered some cognizable harm from the overall lack of a sanitary environment, and that the Warden's deliberate indifference caused that harm."); *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). Without an allegation of harm, **Count 1** fails.

Moreover, many of the claims in **Count 1** lack merit regardless. Plaintiff alleges that he only gets 7 hours of recreation time a week (1 per day) and that he has to choose between recreation and showers, but no case states that 7 hours of recreation violates the Constitution or that Plaintiff is entitled to daily showers. *Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017)

(finding that inmate limited to 1 hour of exercise per day and 3 showers per week who experienced feelings of anger, frustration, and helplessness had failed to prove those conditions placed him at risk of harm); *Davenport v. DeRobertis*, 844 F.2d 1310, 1315 (7th Cir. 1988) (stating that the floor on out of cell exercise *may* be 5 hours) (emphasis added); *Hardyway v.Meyerhoff*, 734 F.3d 740, 744-45 (7th Cir. 2013) (no atypical and significant hardship violating the Fourteenth Amendment's Due Process Clause where access to showers was only weekly). Plaintiff has also not alleged that he was deprived of any and all opportunities to exercise in his cell. *Smith*, 803 F. 3d at 313 (allegation that detainee could not go outside to exercise insufficiently serious constitutional deprivation where plaintiff failed to allege that his movements are so restricted so as to prohibit exercise in his cell).

Plaintiff's assertion that cold air blows on him is also too thin to support a claim. To assess whether cold cell temperatures constitute punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Dixon v. Godinez*, 114 F.3d 640, 644 (7th Cir. 1997); *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in sub-freezing temperatures could constitute Eighth Amendment violation). Plaintiff has not alleged that he was subjected to "extreme" cold. He has only alleged that he felt cold as a result of the blown air system at the jail. He has also not alleged that he was deprived of alternative means of keeping warm. Even if Plaintiff had adequately pleaded harm, his conditions of confinement allegations would still be dismissed for failure to state a claim.

As to **Count 2**, Plaintiff has not adequately alleged any personal involvement. The basis for liability as to all defendants appears to be that they heard or processed Plaintiff's complaints; Plaintiff has not alleged that any defendant is directly involved in setting the policies and practices he complains about. With respect to **Count 2**, Plaintiff has only made a general allegation that he "addressed Counts 1, 2, & 3" with the defendants. He has not alleged that he specifically complained about inadequate nutrition to any defendant. The exhibits attached to the Complaint do not contain a grievance addressing the adequate nutrition issue, although Plaintiff submitted approximately 30 pages of grievances with his Amended Complaint. Plaintiff's allegation of personal involvement is therefore entirely conclusory and implausible because nothing in the Amended Complaint or the exhibits states that Plaintiff made an explicit complaint about adequate nutrition to any named defendant. **Count 2** will be dismissed with prejudice.

Plaintiff claims that he is being denied access to the courts in **Count 3**. But in order to state an access to courts claim, Plaintiff must allege a detriment. The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004). First, the prisoner must show that prison officials interfered with his legal materials. *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citing *Lewis v. Casey*, 518 U.S. 343, 348 (1996)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *see also Lehn*, 364 F. 3d at 868. That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.

Here, Plaintiff has alleged that he was not able to review the sentencing guidelines, but he has not alleged that he was harmed in any way from that deprivation. Plaintiff must allege that

he had a meritorious legal argument that was frustrated by the defendant's action. Plaintiff has not alleged that he lost any legal matter as a result of not being able to review the sentencing guidelines. In fact, the Amended Complaint fails to identify with specificity any legal matter at issue.

Moreover, a review of the Court's records shows that Plaintiff's criminal matter is pending before this Court, and that Plaintiff has appointed counsel in that case. *United States v. Pasley*, 17-cr-30450-MJR-1. Plaintiff has no claim for access to courts based on his criminal matter, because the appointment of counsel is considered adequate access to the courts. *See Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (finding that an offer to appoint counsel in a criminal cases satisfies a state's obligation to provide legal assistance and that a prisoner had no right to demand law library access in the alternative). There is some indication that Plaintiff has not been happy with his appointed counsel, but that does not create a right to law library access. *United States v. Byrd*, 208 F.3d 592, 593-94 (7th Cir. 2000) ("The rule is that [a litigant] has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like the access to a law library, do not spring up" even in circumstances where counsel acts like a "potted plant."). Plaintiff's allegations that he has been denied access to the law library continue to fail to allege any detriment or harm, and accordingly, **Count 3** fails.

Plaintiff has added a claim to the Amended Complaint against Crammer for allegedly disciplining him under false pretenses. This claim also fails. Prison officials may punish pre-trial detainees for disciplinary infractions. *Jennings v. Duckworth*, 108 F.3d 1379 (Table) (7th Cir. 1997). Plaintiff alleges that the discipline created a hostile environment, and his exhibits suggest that he objects to the placement of another inmate on his "keep separate from" list. Plaintiff has no liberty interest, and thus no due process claim, in his association with another

inmate. Claims premised on discipline that does not deprive an individual of life, liberty, or loss of property are frivolous. *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). Plaintiff has not alleged that he was deprived of a recognized liberty interest. This claim will be dismissed with prejudice.

**Pending Motions**

George Rhodes, previously not a party to this action, has moved the Court to join the Amended Complaint. Rhode's 1-page motion states that he is incarcerated at Alton County Jail, and that he "has and continues to address staff concerning Counts 1, 2, and 3 of this action and hasn't been able to get the administration to cease its practices through the grievance process." (Doc. 44, p. 1). Rhodes has not signed Pasley's Amended Complaint, nor has he submitted a complaint in conjunction with his motion. Rhodes has not alleged any facts in his motion. The Court concludes that there are no grounds for joinder pursuant to Fed. R. Civ. P. 20 because Rhodes has not adequately alleged facts tending to show that his claims arise out of the same transaction or occurrence as Pasley's claims. Moreover, to accept joinder in this fashion would violate Fed. R. Civ. P. 11 because Rhodes has not signed the Amended Complaint. The Motion is **DENIED**. (Doc. 44). Rhodes may pursue any claims he may have in a separate lawsuit, and is encouraged to do so.

Finally, Plaintiff himself has moved to amend the Amended Complaint again to include retaliation claims and claims that his Eighth and/or Fourteenth Amendment rights were violated on March 23 and March 24, 2018. (Doc. 46). The Court **DENIES** Plaintiff's Motion to file an Amended Complaint, because Plaintiff has not followed the local rules and submitted a proposed amended complaint with his motion. SDLR 15.1. Plaintiff was previously instructed on the effect of filing an amended complaint, *see Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d

632, 638 n.1 (7th Cir. 2004), and thus is on notice that an amended complaint supersedes the original and must contain all claims that a litigant wishes to pursue. Here, Plaintiff's motion solely addresses the new claims. Moreover, the proposed amendments address conduct that occurred after Plaintiff brought this suit, and that are alleged to be in retaliation for this suit. Plaintiff may have a valid claim, but it is clear from the face of his motion that the events he complains of involve a discrete transaction and are not sufficiently related to the events at issue in this lawsuit. Fed. R. Civ. P. 20. If Plaintiff wishes to proceed on his proposed claims, he must file a new and separate suit. Plaintiff's Motion to Amend is **DENIED**. (Doc. 46).

## Disposition

**IT IS HEREBY ORDERED** that George Rhode's Motion for Joinder of Claims is **DENIED**. (Doc. 44). Plaintiff's Motion to Amend is also **DENIED**. (Doc. 46). Further, this case is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted and because **Count 4** is legally frivolous. Plaintiff is assessed a strike pursuant to § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed

no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**
**DATED: April 18, 2018**

<u>s/J. Phil Gilbert</u>
**U.S. District Judge**
